UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WHITTED,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et. al.,

    Defendants.

Case No. 24-13065
Honorable Shalina D. Kumar
Mag. Judge David R. Grand

## OPINION AND ORDER OF SUMMARY DISMISSAL

On November 4, 2024, Plaintiff Daniel Whitted ("Whitted"), currently confined at the Monroe County Jail in Monroe, Michigan, filed a pro se civil rights complaint with the United States District Court for the Western District of Michigan against the Department of Corrections, Monroe County Jail, and Captain Massengill alleging that he has been placed in a "behavioral modification program" in which he is being tortured and experimented on, and that certain corrections staff have been "gangstalking (sic)" him. ECF No. 1. Whitted also filed an affidavit of indigency and an authorization to withdraw funds from his jail account and an application to proceed without prepayment of fees and costs. ECF Nos. 2, 3. On November 19, 2024, the case was transferred to this district. ECF No. 4.

1

On November 21, 2024, Magistrate Judge David R. Grand signed an order of deficiency, which required Whitted to provide an application to proceed without prepayment of fees, a signed certification of his jail trust account from an authorized jail official, and a current computerized trust fund account showing the history of the financial transactions in his institutional trust fund account for the past six months; the order alternatively allowed Whitted to pay the three hundred and fifty dollar ($350.00) filing fee plus the fifty five dollar ($ 55.00) administrative filing fee in full. He was given thirty days to comply with the order. ECF No. 6.

On December 10, 2024, Whitted provided this Court with an application to proceed without prepayment of fees and costs with this Court. ECF No. 7. However, he failed to provide the Court with a signed certification of his trust account from an authorized jail official plus a current computerized trust fund account showing the history of the financial transactions in his institutional trust fund account for the past six months within thirty days of this Court's Order.

28 U.S.C. § 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or

2

notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

However, the Court need not address the deficiency here because the Court does not have subject-matter jurisdiction over his claims. "[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.,* 150 F.3d 607 (6th Cir. 1998). Even where a plaintiff has paid the filing fee, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint

3

are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 1983 F.3d. 477, 479 (6th Cir. 1999).

Whitted's complaint consists of a wide-ranging and largely non-sensical litany of grievances against defendants including that they have intentionally caused brain damage, are "illegally experimenting on [him] and stopp[ed] [his] erectile functions," and that he is being "sexually assaulted by electronic images." ECF No. 1. These are the type of fantastic and delusional allegations routinely dismissed as frivolous under Federal Rule of Civil Procedure 12(b)(1).

Accordingly, the Court **DISMISSES** this action for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1]

**IT IS SO ORDERED.**

Dated: February 28, 2025

s/Shalina D. Kumar
Hon. Shalina D. Kumar
United States District Judge

---

[1] 28 U.S.C. § 1915A(b) requires frivolous prisoner civil complaints be dismissed and is thus an alternative basis for dismissing Whitted's complaint. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).